IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND


KRISTA SANDINO, et al.           *
                                 *
     v.                          *        Civil No. SKG-10-3308
                                 *
GEORGE MASON                     *
and                              *
ALLSTTE FIRE & CASUALTY INS. CO. *


<u>MEMORANDUM OPINION AND ORDER</u>

Presently pending and ready for review is a Motion in
Limine filed by defendant, Allstate Fire & Casualty Insurance
Company.  (ECF No. 33).  Allstate requests the Court to exclude
the following evidence from trial: the existence of plaintiffs'
underinsured motorist ("UIM") policy under defendant (and any
aspect of the policy's existence), the fact that plaintiffs paid
for that UIM policy, and the coverage limits of the UIM policy.
(<u>Id.</u> at 1).  Plaintiffs oppose the motion, with the exception of
reference to the coverage limits of the UIM coverage.  (EFC No.
37, 1-2).  The issues are fully briefed and the Court now rules
pursuant to Local Rule 105.6, no hearing being necessary.  For
the reasons set forth below, defendant's motion is hereby
DENIED, except with regard to coverage limits of the UIM
insurance.

The facts of the underlying suit, as alleged by plaintiff,
are as follows. Plaintiff Krista Sandino was walking across a

1

parking lot when she was struck by a vehicle operated by defendant Mason.  (ECF No. 1, 2).  Plaintiff filed suit in this Court pursuant to diversity jurisdiction, alleging negligence (against defendant Mason under Count I), underinsured motorist coverage (against defendant Allstate under Count II), and loss of consortium (Count III).  (ECF No. 1-5).

In support of its motion in limine, Allstate points to Md. Rule 5-411 (ECF No. 34, 2), which prohibits the admission of "[e]vidence that a person was or was not insured against liability . . . upon the issue of whether a person acted negligently or otherwise wrongfully." Md. Rule 5-411.  Allstate also relies on the following two cases out of the Maryland Court of Appeals: Allstate Ins. Co. v. Miller, 315 Md. 182, 191, 553 A.2d 1268, 1272 (Md. 1989) ("In keeping with the majority rule, Maryland generally holds that evidence of a defendant's insurance is inadmissible to show fault or lack thereof"), and Farley v. Allstate Ins. Co., 355 Md. 34, 42, 733 A.2d 1014, 1018 (Md. 1999) ("In Maryland, the general rule is that evidence of a defendant's insurance is inadmissible to show fault or lack thereof.").  For the following reasons, Allstate's reliance on each of those sources is misplaced.

First, Md. Rule 5-411 does not bar admission of evidence of the existence of a plaintiff's own UIM insurance or uninsured motorist ("UM") insurance in cases where a UIM insurer is a

named defendant in a suit.  King v. State Farm Mut. Auto Ins. Co., 157 Md. App. 287, 293-94, 850 A.2d 428, 432 (2004).  In King v. State Farm, the Maryland Court of Special Appeals explained Rule 5-411's inapplicability to such suits as follows: UM/UIM insurance is "first party coverage," (i.e., a promise by the insurer to pay its own insured)—not "third party coverage" (i.e., a promise to pay some third party for personal injury or property damage). Id. The court went on to state that "the unsubstantiated belief by [the defendant UM/UIM insurance company] that its disclosure as the defendant would adversely affect the jury's verdict furnishes insufficient justification for withholding from the jury, and from the general public, [the insurance company's] identity as the defendant at a public trial." 157 Md. App at 298, 850 A.2d at 435.  This idea is bolstered by the fact that tortfeasor defendants and UM/UIM carriers can be joined as defendants in actions brought by the insured. Id. In support of its reasoning, the court cited Connolly v. Lotkin, 2000 WL 1508258 (D. Md. 2000), an unreported case out of this Court, which is analogous to the case at bar. 157 Md. App at 299 n.6, 850 A.2d at 435 n.6.  In Connolly, a plaintiff sued defendant for injuries allegedly sustained when the defendant collided with plaintiff's vehicle. 2000 WL 1508258, at *1.  Plaintiff later amended the complaint, joining plaintiff's own UM insurer as defendant. Id. The two defendants

3

filed a motion in limine to prevent disclosure of the UM insurer's identity to the jury. The Court denied the motion insofar as it sought to prevent disclosure of the UM insurer's identity, reasoning that under Maryland law "the mere existence of insurance coverage should not be excluded from disclosure to the jury," and "the potential prejudice resulting from disclosure of the existence of insurance is not sufficient to exclude the fact of its existence from the jury." Id. at *1-2.[1]

Further, the two cases that defendant Allstate relies on, (Miller and Farley) fail to support Allstate's motion, except as to Allstate's request to exclude evidence of amount of coverage.

In Miller, a plaintiff sustained injuries when another driver struck her vehicle.  315 Md. 182, 184, 553 A.2d 1269, 1268-69.  She named both the other driver and her own UM insurer as defendants. Id.  An order of default was entered against the other driver, thus answering the question of liability, and leaving the question of damages and the question of how much damages the UM insurer was required to pay.  Id.  The lower court directed the jury to consider only the question of damages—not the disbursement between the tortfeasor and the insurer. Id. The jury returned a verdict that was higher than the amount owed under the plaintiff's UM policy, and the court

---

[1] Though not explicitly stated in King, it is reasonable to assume that, if Rule 5-411 does not bar evidence of the existence of UM/UIM policy, it also does not bar evidence that plaintiff paid for the policy.

denied the insurer's post judgment motions to reduce the amount of judgment against the insurer in keeping with the policy's limits. 315 Md. at 185-86, 553 A.2d at 1269.  The Court of Appeals held that the trial court properly declined to admit evidence of the amounts of UM coverage, but erred in refusing to adjust the verdict following trial. 315 Md. at 192-92, 553 A.2d at 1273.  In holding that the trial court properly excluded evidence of coverage amounts, the Court of Appeals explained that "[w]here the insurance carrier is a party to the suit, the existence of insurance obviously cannot be kept from the jury; however, the amount of uninsured motorist coverage should not be disclosed, unless the amount is in controversy." 315 Md. at 191, 553 A.2d at 1271 (emphasis added).  In other words, evidence of the amount of coverage is admissible in suits involving a contract dispute between plaintiff and the UM/UIM provider as to the amount of coverage under the UM policy; but not in a tort damages suit where no dispute as to amount of coverage exists. And, regardless of the nature of the suit (contract vs. tort damages), if the UM/UIM provided is a named defendant, the existence of the policy must not be suppressed.

The Court of Appeals reached similar conclusion in Farley. There, plaintiffs sued their UIM provider for nonpayment of UIM benefits. 355 Md. at 38, 733 A.2d at 1016.  The Court of Appeals held that, because the amount of UIM coverage itself was not in

dispute, the trial court did not err in refusing to admit the automobile insurance contract itself (inherently including evidence of coverage amount) into evidence.  355 Md. at 38–39, 733 A.2d at 1016.  Like the Miller court, the Farley court reasoned that the suit was "not . . . a contract action in the sense that any provisions of the insurance policy were at issue or that coverage was being denied based upon language in the insurance contract." 355 Md. at 46, 733 A.2d at 1020.  However, the court clarified that "[i]n cases where the insurance carrier is a party to the litigation, obviously the existence of insurance cannot be kept from the jury." 355 Md. at 42, 733 A.2d at 1018 (emphasis added).

Because the case at bar involves no contract dispute as to the amount of coverage, evidence of coverage amount is inadmissible.  Plaintiffs concede that. (ECF No. 37-1, 1). However, both Miller and Farley clearly provide that, because Allstate is a named defendant in this suit, the mere existence of the policy must not be excluded.  It follows that evidence of plaintiffs' payment for that policy is also admissible.

Thus, it is HEREBY ORDERED that:

1. Allstate's motion in limine is GRANTED insofar as it seeks to exclude evidence of amount of coverage; and

2. Allstate's motion in limine is DENIED insofar as it seeks to prevent disclosure of the existence of plaintiffs' UIM policy under defendant (including any aspect of the policy's existence) and the fact that plaintiffs paid for

that UIM policy.

Date: __4/27/12_____                    _____/s/_____
                                          Susan K. Gauvey
                                          United States Magistrate Judge